IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| CHARLES WILLIAM PARKER, | ) | |
| | ) | |
| Plaintiff. | ) | |
| | ) | |
| v. | ) | Case No. 04-0599-CV-W-GAF |
| | ) | |
| DIRECTOR OF MENTAL HEALTH, | ) | |
| BONNIE SUE LAWSON, MARY LATESSA, | ) | |
| ERIN ELLIS, RODERICK MACK, | ) | |
| LEONA BIERRIA, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Presently before the Court is the Plaintiff's response to the Court's April 8, 2005 Order to submit a statement of facts in support of his claims. (Doc. #60). The Court issued this Order upon its consideration of the Defendants' Motions to Dismiss.[1] (Doc. #34, #39). The Court was unable to determine from the face of the Plaintiff's complaint whether sufficient facts exist to support each element of his various claims. As such, the Court ordered the Plaintiff to submit a statement of the facts supporting each of his individual claims and detailing the individual involvement of each Defendant with respect to each claim. (Doc. #60). Upon reviewing the Plaintiff's response, the Court finds that the Plaintiff has failed to

---

[1] The first Motion to Dismiss was filed by the Director of Mental Health, Leona Bierria, Erin Ellis and Mary Latessa. (Doc. #43). The second Motion to Dismiss was filed by Bonnie Sue Lawson. (Doc. #39). As the arguments of the first Motion to Dismiss are incorporated into the second Motion to Dismiss by reference, the Court will rule on both of these Motions in the same Order. As such, "Defendants" collectively refers to the Director of Mental Health, Leona Bierria, Erin Ellis, Mary Latessa and Bonnie Sue Lawson.

1

articulate facts sufficient to support the prima facie elements of his claims. As such, the Plaintiff has failed to state a claim upon which relief may be granted and the Defendants' Motions to Dismiss are GRANTED.

**DISCUSSION**

**I.      Facts**

The Plaintiff, Charles William Parker ("Parker"), is a resident at Crossroads Group Home ("Crossroads") and is under the care of the Missouri Department of Mental Health. Parker alleges that the Defendants have conspired to keep him confined at Crossroads, have violated his Constitutional rights and have committed various acts constituting libel, slander, discrimination and fraud. The Defendants argue that Parker has failed to allege facts sufficient to support his claims. Specifically, the Defendants contend that Parker's complaint fails to allege the specific acts or misconduct of each Defendant which Parker believes establishes a Constitutional violation, libel, slander, discrimination or fraud. Furthermore, the Defendants assert that Parker has failed to articulate the type of alleged Constitutional deprivation and any reason for the alleged Constitutional deprivation.

Parker's complaint is replete with bare and conclusory statements which fail to legally and factually support his claims. Parker admits that he "can't truly recall all thats (sic) happened in 20 years or more." (Doc. #38). As Parker failed to present sufficient factual support for his claims in either his complaint or in his responses to the Defendants' Motions to Dismiss, this Court issued an Order on April 8, 2005 directing Parker to file with this Court a statement of facts supporting each of his individual claims and detailing the individual involvement of each Defendant with respect to each claim. Parker was alerted that if he failed to file this statement of facts or if the Court found that the facts submitted were insufficient to

2

support his claims, his cause of action would be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

In his response to the Court's April 8, 2005 Order, Parker failed to articulate any facts which establish the prima facie elements of his claims. (Doc. #63). Rather, Parker merely reiterated his contention that he is the victim of discrimination, harassment, libel, slander and fraud perpetrated by the Defendants. Id. According to Parker, he has been discriminated against because "the defendant's attorney think illegible writing is a mental illness." Id. Parker also claims that the Defendants have discriminated against him because they held a meeting to stop him from going to the doctor by himself. Id.

Parker alleges no other facts in support of his claims. Instead, Parker postulates that the Defendants are "using their authority or seniority to harass, intimidate, accost, discriminate, insult, fraud by libel and slander the client or plaintiff in this case" without providing the Court with any facts in support of these claims. (Doc. #60). Parker further concludes that the Defendants are using their "authority or seniority" to "wrongfully restrict" him and "take away his rights and privileges" but he fails to state how he is being restricted or what rights and privileges he has been denied. Id. Parker asserts that "almost everyday they [the Defendants and their attorneys] intimidate, harass, discriminate, slander, libel, etc. [him]," but Parker is unable to support this allegation with a single factual example of the Defendants' alleged misconduct. Id.

**II.    Standard**

The Defendants have filed this Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and seek dismissal of this case on the grounds that Parker has failed to state a claim upon which relief may be granted. "Dismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity."

3

Case 4:04-cv-00599-GAF   Document 64   Filed 04/20/05   Page 3 of 6

Young v. City of St. Charles, Mo., 244 F.3d 623, 627 (8th Cir. 2001).

When considering this Motion, the Court will assume that all facts alleged in the complaint are true and construe those allegations in a light most favorable to Parker. *See* Fletcher v. Conoco Pipe Line Co., 129 F.Supp. 1255, 1258 (W.D. Mo. 2001). The Court will disregard all matters outside the pleadings and will further ignore "legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." Wiles v. Capital Indem. Corp., 280 F.3d 868, 870 (8th Cir. 2002).

Dismissal is appropriate only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which could entitled him to relief." McCormick v. Aircraft Mechanics Fraternal Ass'n, 340 F.3d 642, 644 (8th Cir. 2003). However, "the complaint must contain sufficient facts, as opposed to mere conclusions, to satisfy the legal requirements of the claim to avoid dismissal." DuBois v. Ford Motor Credit Co., 276 F.3d 1019, 1022 (8th Cir. 2002).[2] As such, to avoid dismissal Parker must plead facts to support the prima facie elements of his claims for libel, slander, harassment, discrimination, fraud and violations of his Constitutional rights. *See* Orlando v. Alamo, 646 F.2d 1288, 1290 (8th Cir. 1981).

### III. Analysis

In his complaint, Parker concludes that the Defendants violated his Constitutional rights and

---

[2] *See also* Young, 244 F.3d at 627 ("To avoid dismissal, a complaint must allege facts sufficient to state a claim as a matter of law and not merely legal conclusions."); Briehl v. General Motors Corp., 172 F.3d 623 ("At the very least, however, the complaint must contain facts which state a claims as a matter of law and must not be conclusory.") (8th Cir. 1999); Springdale Ed. Assoc. v. Springdale School Dist., 133 F.3d 649, 651 (8th Cir. 1998) ("At a minimum, however, a complaint must contain facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations.").

4

committed various acts constituting discrimination, libel, slander and fraud.  However, Parker failed to allege facts sufficient to support his claims.  With respect to his discrimination claim, Parker failed to plead any facts which indicate the type of and the basis for the alleged discrimination he suffered.  Parker's assertion that the Defendants violated his Constitutional rights are likewise unsupported by facts which reveal what rights were violated or what action or inaction caused the deprivation.  Consequently, Parker has failed to articulate sufficient facts to support his claim that the Defendants violated his Constitutional rights.

Parker's Missouri state law claims of libel, slander and fraud are similarly void of factual support.  A prima facie case of defamation, which embraces the twin torts of libel and slander, requires Parker to prove six elements: "(1) publication, (2) of a defamatory statement, (3) that identifies [Parker], (4) that is false, (5) that is published with the requisite degree of fault, and (6) damages the [claimant's] reputation." Gray v. AT&T Corp., 357 F.3d 763 (8th Cir. 2004) *citing* Overcast v. Billings Mut. Ins. Co., 11 S.W.3d 62, 70 (Mo. 2000) (en banc).  Parker has failed to provide the Court with a single defamatory statement allegedly made by the Defendants.  As such, Parker has failed to state a claim for defamation upon which the Defendants may be held liable.

To establish a claim of fraud under Missouri law, Parker must show "(1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of its falsity or ignorance of its truth, (5) the speaker's intent that the representation should be acted upon by the hearer and in the manner reasonably contemplated, (6) the hearer's ignorance of the falsity of the representation, (7) the hearer's reliance on the representation being true, (8) the hearer's right to rely thereon, and (9) the hearer's consequent and proximate injury." Midwest Printing, Inc. v. AM Int'l, 108 F.3d 168, 170 (8th Cir. 1997) *citing* Emerick

5

v. Mutual Ben. Life Ins. Co., 756 S.W.2d 513, 519 (Mo. 1988). Similarly, Parker is not entitled to relief on his claim of fraud because he has failed to articulate any facts in support of his claim. Principally, Parker has failed to provide the Court with a single representation by the Defendants which Parker has established is false. As such, Parker's claim of fraud must be dismissed.

The gravamen of Parker's complaint appears to be his ongoing disagreement with the Defendants' diagnosis and treatment of his mental health condition. Parker forcefully and repeatedly declares that he is "not mentally ill in any way," that he is a "sane and rational thinking and a behaving person," and that he shouldn't be in the care and custody of the Defendants. (Doc. #63). This Court is ill-equipped to determine the fitness of Parker's diagnosis and treatment. This type of reconsideration and analysis is better suited for the Missouri state courts which initially determined that Parker should be committed to the care and custody of the Missouri Department of Mental Health.

As Parker has failed to provide the Court with sufficient facts, as opposed to mere conclusions, which support the prima facie elements of each of his various claims, Parker's complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. Therefore, the Defendants' Motions to Dismiss (Doc. #34 & #39) are GRANTED.

**IT IS SO ORDERED.**

/s/ Gary A. Fenner
GARY A. FENNER, JUDGE
United States District Court

DATED: April 20, 2005